Albert David Matthew, M.D.,                      Civil No. 08-4610 (DWF/RLE)

           Plaintiff,

v.                                            **ORDER AND MEMORANDUM**

Unum Life Insurance Company
of America,

           Defendant,

and

Unum Life Insurance Company
of America,

           Counter-Claimant,

v.

Albert David Matthew, M.D.,

           Counter-Defendant.

---

Richard D. Snyder, Esq., and Sten-Erik Hoidal, Esq., Fredrikson & Byron, PA, counsel for Plaintiff and Counter-Defendant.

Molly R. Hamilton, Esq., and Terrance J. Wagener, Esq., Messerli & Kramer P.A., counsel for Defendant and Counter-Claimant.

---

This matter is before the Court pursuant to post trial motions brought by both Plaintiff Albert David Matthew, M.D. and Defendant Unum Life Insurance Company of America. Plaintiff brings a Motion to Correct Special Verdict, Award Prejudgment

Interest, and Enter Final Judgment and a Renewed Motion for Judgment as a Matter of Law or, in the Alternative, a New Trial Solely on the Total Disability Claim. Defendant brings a Motion for Judgment as a Matter of Law, a New Trial, and a Declaration of Mistrial.

Based upon the submissions of counsel, the Court having reviewed the contents of the file and evidence in this case, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Plaintiff's Motion to Correct Special Verdict, Award Prejudgment Interest and Enter Final Judgment (Doc. No. [137]) is **GRANTED** as follows:

    a. The Special Verdict is corrected to reflect the amount of $922,906 as the residual disability benefits awarded to Plaintiff;

    b. Plaintiff is entitled to the return of premium benefits in the amount of $47,358.15 as stipulated to by the parties;

    c. Plaintiff is awarded prejudgment interest in the amount of $498,340 on Plaintiff's residual disability claim; and

    d. Plaintiff is awarded prejudgment interest on the return of premium benefits in the amount of $28,810.

2. Plaintiff's Motion for Judgment as a Matter of Law or, in the Alternative, a New Trial Solely on the Total Disability Claim (Doc. No. [153]) is **DENIED**.

3. Defendant's Motion for Judgment as a Matter of Law, a New Trial, and a

Declaration of Mistrial (Doc. No. [150]) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 9, 2010          <u>s/Donovan W. Frank</u>
                                           DONOVAN W. FRANK
                                           United States District Judge

**MEMORANDUM**

**I.**    **Introduction**

At the conclusion of the trial, this matter was submitted to the jury on the issues of whether Defendant breached the Disability Insurance Policy (the "Policy") with Plaintiff by failing to pay disability benefits to which Plaintiff was entitled, and whether Plaintiff breached the Policy by receiving benefits to which he was not entitled.

Plaintiff submitted a Notice of Claim to Defendant in August 1996, wherein Plaintiff indicated that he was a "Urologic Surgeon-Urologist." Plaintiff indicated that he could no longer perform open urologic surgeries due to pain in his ankle and his inability to stand while performing surgeries. Plaintiff later informed Defendant that he was submitting his claim for total disability because of his inability to perform major surgical procedures.

Plaintiff eventually sued Defendant, asserting that Defendant breached its contract with him by refusing to pay long-term disability benefits. Defendant disputed Plaintiff's assertions, denied that Plaintiff met the requirement to receive certain disability benefits, and denied that it breached the insurance policy.

On September 24, 2009, the Court denied both parties' cross-motions for summary judgment on Plaintiff's total disability claim, finding that genuine issues of material fact existed as to whether performing major surgical procedures was a material and substantial duty of Plaintiff's own occupation. (Doc. No. 62 at 13.) On October 23, 2009, Plaintiff moved for judgment as a matter of law or, in the alternative, summary judgment, on his claim for total disability. The Court denied this motion as well.

After trial, the jury returned their verdict, finding that Plaintiff met the definition of total disability in the Policy; that Plaintiff met the definition of total disability from December 1, 2004 to the present; that Plaintiff was entitled to residual disability benefits under the Policy for the time period from October 1, 1996 to December 1, 2004; and that Plaintiff was entitled to receive $892,380. Further, the jury found that Plaintiff did not receive disability benefits to which he was not entitled.

## II. Discussion

### A. Plaintiff's Motion to Correct Special Verdict, Award Prejudgment Interest, and Enter Final Judgment

#### 1. Motion to Correct Special Verdict

In Question 4 of the Special Verdict Form, the jury concluded that Plaintiff was entitled to residual disability benefits for the period of October 1, 1996 to December 1, 2004. The jury determined that Plaintiff was entitled to receive $892,380. In finding that amount, the jury subtracted "$114,000 already paid" from "$1,006,380."

Plaintiff presented evidence at trial that the amount of residual disability benefits owed for the period from January 1, 1997 to July 2005 totaled $1,006,380. Plaintiff's calculation accounted for a 90-day elimination period beginning on October 1, 1996 and provided benefits to July 2005, a date through which Defendant admits total disability benefits are owed. The jury began with the amount of $1,006,380 and subtracted $114,000 for funds "already paid." However, at trial, Defendant asserted a reimbursement claim for $114,470 for, among other things, total disability benefits it paid to Plaintiff between July 12, 2005 and October 10, 2005. However, in Question 6 of the Special Verdict Form, the jury answered "no" to the question of whether Plaintiff received disability benefits from Defendant prior to October 10, 2005 to which he was not entitled. Plaintiff contends that the jury, therefore, mistakenly reduced the residual disability benefits payable to Plaintiff by $114,000.

Plaintiff contends that the jury's Special Verdict Form contains a mistake in the determination of residual disability benefits owed and moves the Court to correct the mistake under Rule 60(a) of the Federal Rules of Civil Procedure. Defendant argues that Rule 60(a) does not allow for the correction of a substantive mistake and that Plaintiff improperly relies on speculation as to what the jury intended in its calculations.

Rule 60(a) provides:

**Corrections Based on Clerical Mistakes; Oversights and Omissions.**
The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and

5

while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a). Rule 60(a) is available to correct clerical mistakes. *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1228 (8th Cir. 1997). Rule 60(a), however, is not available to correct substantive mistakes. *Hunter v. Ford Motor Co.*, No. 08-CV-4980, 2009 WL 2424436, *1 (D. Minn. Aug. 4, 2009). The Court agrees with Defendant that Plaintiff's requested change to the special verdict form does not constitute the mere correction of a clerical error or overt omission, and therefore the Court holds that Rule 60(a) is not the appropriate avenue for Plaintiff's requested correction.

Although Plaintiff brought its motion to amend under Rule 60(a), it appears to be an improperly-styled Rule 59(e) motion. *See Norman v. Arkansas Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (noting that a motion questioning the correctness of a judgment is functionally a Rule 59(e) motion). Substance over form controls when a motion seeks substantive change. *BBCA, Inc. v. United States*, 954 F.2d 1429, 1342 (8th Cir. 1992). Motions under Rule 59(e) serve the function of correcting "manifest errors of law or fact or to present newly discovered evidence." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quotation omitted). Rule 59(e) motions cannot, however, be used to "introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id*. District courts enjoy broad discretion in ruling on

motions to alter or amend under Rule 59. *See Concordia Coll. Corp. v. W.R. Grace & Co.*, 999 F.2d 326, 330 (8th Cir. 1993).

Here, it is apparent that the jury made a mistake in its calculation of damages. The jury accepted the damage figure offered by Plaintiff—$1,006,380. It then erroneously deducted $114,000 based on the incorrect belief that Defendant had already paid that amount. However, $114,000 is not the amount that Defendant had already paid Plaintiff; instead, the amount Defendant actually paid Plaintiff during the relevant time period is $83,474, an amount reflected in the trial record and not disputed by Defendant. Accordingly, the Court holds that the correct amount of the jury's award of residual disability benefits owed is $922,906. (Decl. of Richard D. Snyder ("Snyder Decl.") ¶ 2, Ex. A.)

### 2. Waiver of Premium Benefit

The Policy contains a "waiver of premium" benefit. Before the case was submitted to the jury, the parties stipulated that the Court would add a waiver of premium benefit to the final judgment for the time period that the jury concluded Plaintiff was disabled under the Policy. The parties now agree that the amount to be included in the judgment is $47,358.15. Accordingly, the Court adds $47,358.15 to the amount of the judgment.

### 3. Prejudgment Interest

Plaintiff asserts that he is entitled to an award of prejudgment interest under Minnesota common law and, alternatively, Minnesota statutory law. In Minnesota, both

common law and statutory law govern the award of prejudgment interest. *See Potter v. Hartzell Propeller, Inc.*, 189 N.W.2d 499, 504 (Minn. 1971); Minn. Stat. § 549.09. Section 549.09 provides that the prevailing plaintiff is entitled to pre-verdict interest on pecuniary damages computed from the time of the commencement of the action, except as otherwise provided by contract or allowed by law. Minn. Stat. § 549.09, subd. 1(b).

The first issue the Court must address is whether Plaintiff is entitled to prejudgment interest under common law, in which case section 549.09 does not apply. *See Seaway Port Auth. of Duluth v. Midland Ins. Co.*, 430 N.W.2d 242, 252 (Minn. Ct. App. 1988) (explaining that section 549.09 "was not intended to disturb the existing law of prejudgment interest, but to provide for prejudgment interest in situations where prejudgment interest was not already allowed by law"). Under Minnesota common law, prejudgment interest is allowed in the case of unliquidated claims "where the damages [are] readily ascertainable by computation or reference to generally recognized standards such as market value and not where the amount of damages depended upon contingencies or upon jury discretion (as in actions for personal injury or injury to reputation)." *Potter*, 189 N.W.2d at 504.

Plaintiff argues that he is entitled to prejudgment interest because his unliquidated damages were "readily ascertainable." Defendant argues that Plaintiff's request for prejudgment interest under Minnesota common law fails because his damages claim was dependent on contingencies and not readily ascertainable. Defendant asserts that it could not ascertain the benefits payable to Plaintiff until the jury resolved the issue of whether

8

Plaintiff was totally or residually disabled from 1996 through 2005. Even if this contingency did not exist, Defendant asserts that the amount of benefits was not readily ascertainable during the pre-judgment period. In particular, Defendant contends that it was impossible to compute potential damages because Plaintiff refused to provide pre- and post-disability income information necessary to compute residual disability benefits until 2005. Further, Defendant asserts that contingencies existed even after Plaintiff provided financial information, namely as to the proper source of income figures, what constituted income under the Policy, what constituted "personal services," and how and with what percentages indexing should be performed. Defendant asserts that these contingencies created extreme variations in the damages calculation.

Here, the Policy provides a formula for the calculation of residual disability benefits. Plaintiff calculated the amount of benefits using the Policy's formula and related provisions. The Court concludes that in this case, the benefits could be calculated with a degree of precision by following the formula provided in the Policy and related provisions. Thus, common law pre-judgment interest is appropriate.[1] The Court also deems that a 6% interest rate is appropriate for the calculation of common law prejudgment interest. *See* Minn. Stat. § 334.01; *see also, e.g., Northwest Airlines*, *Inc. v. Flight Trails*, 3 F.3d 292, 297 (8th Cir. 1993). Using that rate, the total amount of

---

[1] The Court is unpersuaded by Defendant's argument that it would be inequitable to award Plaintiff's requested prejudgment interest because Plaintiff failed to provide relevant financial information to Defendant. Defendant has not pointed to any relevant
(Footnote Continued on Next Page)

prejudgment interest on Plaintiff's residual disability claim is $498,340. (Snyder Decl. ¶ 3, Ex. A.) In addition, the Court holds that Plaintiff is entitled to prejudgment interest using the 6% rate under Minn. Stat. § 334.01 on the $47,358.15 owed to him for the waiver of premium benefits. This amounts to $27,307.12. (Snyder Decl. ¶ 8, Ex. F.)

### B. Plaintiff's Motion for Judgment as a Matter of Law and, in the Alternative, a New Trial

Plaintiff moves for a judgment as a matter of law on his total disability claim. Plaintiff asserts that the evidence at trial and Defendant's pre-trial admissions demonstrate that Plaintiff met the definition of "total disability" in the Policy from October 1, 1996 to December 23, 2004. Plaintiff moves for judgment notwithstanding the verdict pursuant to Federal Rule of Civil Procedure 50. Rule 50 provides that the Court may resolve an issue against a party and grant a motion for judgment as a matter of law if "the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a).

> In ruling on a motion for [judgment as a matter of law], the district court must (1) consider the evidence in the light most favorable to the prevailing party, (2) assume that all conflicts in the evidence were resolved in favor of the prevailing party, (3) assume as proved all facts that the prevailing party's evidence tended to prove, and (4) give the prevailing party the benefit of all favorable inferences that may reasonably be drawn from the facts proved. That done, the court must then deny the motion if reasonable persons could differ as to the conclusions to be drawn from the evidence.

*Haynes v. Bee-Line Trucking Co.*, 80 F.3d 1235, 1238 (8th Cir. 1996.) Judgment as a

---

(Footnote Continued From Previous Page)
information that Defendant requested and Plaintiff refused to provide.

matter of law is appropriate when "there can be but one reasonable conclusion as to the verdict." *Dominium Mgmt. Servs., Inc. v. Nationwide Hous. Group*, 986 F. Supp. 578, 581 (D. Minn. 1997). Judgment as a matter of law is appropriate "when the record contains no proof beyond speculation to support the verdict." *Sip-Top, Inc. v. Ekco Group, Inc.*, 86 F.3d 827, 830 (8th Cir. 1996).

On September 24, 2009, the Court issued an order denying the parties' cross-motions for summary judgment. (Doc. No. 62.) With respect to the issue of total disability, the Court noted that the Policy defines "totally disabled" to mean that "injury or sickness restricts the Insured's ability to perform the material and substantial duties of his regular occupation to an extent that prevents him from engaging in his regular occupation." (*Id.* at 11.) The Court also acknowledged that the Minnesota Supreme Court and the Eighth Circuit have held that a claimant need not be unable to work completely to be considered totally disabled. (*Id.*) The Court determined that genuine issues of material fact existed as to whether major surgical procedures were a material and substantial duty of Plaintiff's own occupation.

Before trial, Plaintiff moved for judgment as a matter of law based on evidence obtained during discovery. Citing to deposition testimony of Defendant's Rule 30(b)(6) witness, Plaintiff asserted that Defendant conceded that performing major surgeries was a material and substantial duty of Plaintiff's practice. Plaintiff also asserted that there were no remaining issues of material fact. The Court, however, denied Plaintiff's motion for judgment as a matter of law on the issue of total disability, explaining that there was an

11

issue of fact as to whether sickness or injury restricted Plaintiff's ability to perform the material and substantial duties of his regular occupation to an extent that prevents him from engaging in his regular occupation. Plaintiff argues that the Court should have granted his prior motion for judgment as a matter of law, the only issue being whether performing major surgeries was a material and substantial duty of his regular occupation. Plaintiff further contends that the evidence presented at trial demonstrated that performing longer duration surgeries was a major and substantial duty of Plaintiff's occupation and that he was disabled as a matter of law.

The Court holds that determining whether Plaintiff was totally disabled under the terms of the Policy involved factual issues that were properly submitted to the jury. In particular, the jury was left to determine whether Plaintiff's injury or illness so restricted his ability to perform the material and substantial duties of his regular occupation and, if so, whether Plaintiff was restricted to an extent that prevented him from engaging in his regular occupation. Accepting that major surgeries are a material and substantial duty of Plaintiff's regular occupation, a factual issue remained to be resolved by the jury—the extent to which Plaintiff was prevented from engaging in his regular occupation. The issue of whether Plaintiff was totally disabled under the terms of the policy was properly submitted to the jury and Plaintiff is not entitled to judgment as a matter of law.

In the alternative, Plaintiff moves for a new trial pursuant to Rule 59 on the issue of whether he was totally disabled from October 1, 1996 to December 23, 2004. Plaintiff bases its motion on the Court's admission of Plaintiff's tax records as evidence of

Plaintiff's pre- and post-disability income without bifurcating the trial and the provision of the following jury instruction: "In determining whether the Plaintiff was unable to perform the material and substantial duties of his regular occupation as a urologist to the extent that prevents him from engaging in his regular occupation, you may consider his income pre- and post-disability." (Doc. No. 126 at 11.) Plaintiff also argues that the evidence was insufficient to sustain the verdict that Plaintiff was not totally disabled from October 1, 1996 to December 23, 2004.

Under Rule 59, the Court may grant a motion for a new trial to all or any of the parties on all issues or on particular issues. Fed. R. Civ. P. 59(a). The standard for granting a new trial is whether the verdict is against "the great weight of the evidence." *Butler v. French*, 83 F.3d 942, 944 (8th Cir. 1996). In evaluating a motion for a new trial under Rule 59(a), the Court must determine whether a new trial should be granted to prevent injustice. *Id.*

At trial, the Court allowed Defendant to admit Plaintiff's personal and corporate tax records. Plaintiff argues that those records were irrelevant to the issue of total disability because they did not show income earned for performing the material and substantial duties of his occupation as a urologist. Rather, Plaintiff argues that the records only showed income that Plaintiff received as a distribution from his partnership. Moreover, Plaintiff argues that loss of income is not part of the definition of "totally disabled" under the Policy. Plaintiff asserts that he suffered significant prejudice from the tax returns' admission.

Plaintiff claimed at trial that he suffered a loss of income as a result of his inability to perform duties of his occupation. Therefore, Plaintiff opened the door for Defendant to present evidence to contradict Plaintiff's loss of income claims. Plaintiff's past tax returns provide information circumstantially relevant to Plaintiff's loss of income claim and reliable evidence of income Plaintiff earned both pre- and post-disability. Moreover, the admission of the tax returns was not unduly prejudicial to Plaintiff, who was able to explain to the jury why the tax returns did not fully reflect on his loss of earning capacity and that even though Plaintiff continued to make money, he was still totally disabled under the Policy. Plaintiff's explanation, however, properly went to the weight of the evidence, not its admissibility. The Court concludes that Plaintiff's tax returns were relevant, admissible, and not unduly prejudicial. Therefore, they were properly submitted to the jury.

Next, Plaintiff asserts that he is entitled to a new trial because the Court erred in providing the following instruction to the jury: "In determining whether the Plaintiff was unable to perform the material and substantial duties of his regular occupation as a urologist to an extent that prevents him from engaging in his regular occupation, you may consider his income level pre- and post-disability and the sources of his income." (Doc. No. 126 at 11.) Plaintiff asserts that by giving this instruction, the Court indicated that Plaintiff's income was a relevant consideration in determining his ability to perform the material and substantial duties of his occupation. Plaintiff further asserts that, under

Minnesota law, income is not relevant to a determination of total disability, making the instruction misleading.

The Court disagrees. As explained above, Plaintiff's pre- and post-disability income is circumstantially relevant to Plaintiff's claim of total disability. The above instruction properly indicated that the jury could consider Plaintiff's pre- and post-disability income in determining whether Plaintiff was unable to perform the material and substantial duties of his regular occupation. Accordingly, the above instruction was properly submitted to the jury.

### C. Defendant's Motion for Judgment as a Matter of Law, a New Trial, and Declaration of Mistrial

Defendant argues that it is entitled to judgment as a matter of law, or alternatively a new trial, because (1) Plaintiff's residual disability claim is barred by the statute of limitations; (2) the issue of residual disability benefits was improperly submitted to the jury; and (3) because the award of residual disability benefits was contrary to the evidence and excessive. Defendant also asserts that information provided by a jury member warrants a mistrial.

First, Defendant argues that it is entitled to judgment as a matter of law because Plaintiff's residual disability claim is barred by the statute of limitations. In particular, Defendant contends that Plaintiff's cause of action accrued on September 19, 1997, the date that Defendant denied his claim for disability benefits. Defendant further asserts that the three-year contractual limitation period applies and that Plaintiff failed to commence

15

this action within that time period. The Court already considered the statute of limitations as it applies to Plaintiff's total and residual disability claims at the summary judgment stage of this litigation. Relying on *Ryan v. ITT Life Ins. Corp.*, 450 N.W.2d 126 (Minn. 1990), Plaintiff asserted that because he alleged a continuing disability, the statute of limitations did not begin to run "until 90 days after the end of the total continuous period of disability for which the company [is] liable." 450 N.W.2d at 129. Defendant, on the other hand, argued that *Ryan* only applied to Plaintiff's total disability claim and not his residual disability claim. The Court rejected the argument that a residual disability claim should be treated differently than a total disability claim. The Court then found that Plaintiff's claims for total or residual disability were not barred by the statute of limitations. Defendant has not provided any new facts or law to persuade the Court to deviate from its original decision on the statute of limitations issue.

Second, Defendant asserts that it is entitled to a new trial on residual disability benefits because the issue was improperly submitted to the jury. Defendant argues that the residual disability definition in the Policy was unambiguous and, absent a finding of ambiguity by the Court, the Court should have determined Plaintiff's entitlement to residual disability benefits as a matter of law. The Court, however, concludes that the submission of the residual disability claim to the jury was appropriate. The jury was given the residual disability definition and formula but was not asked to interpret the

provisions.  Instead, the jury was given the policy definition and formula to be applied to the facts of the case.[2]

Defendant also asserts that Plaintiff is estopped from asserting that his income was not derived from "personal services" and that it was error for the Court to submit this issue to the jury.  At trial, Plaintiff argued that he experienced a 20% loss of net income for purposes of residual disability benefits.  In doing so, Defendant contends that Plaintiff argued that a portion of his income must be excluded from the calculation of his income because a portion of his income was derived from his role as a business owner and not as a result of "personal services" performed.  Defendant further contends that this representation contradicts representations made on certain tax returns.  Specifically, Defendant submits evidence that Plaintiff completed tax returns during the relevant time period representing that compensation received by Plaintiff constituted income for "personal services."  Defendant asserts that estoppel should bar Plaintiff from making contradictory or inconsistent representations in regards to his claim for residual disability.

The Court holds that Defendant fails to demonstrate that Plaintiff's evidence at trial regarding whether certain income was derived as a result of "personal services" performed was improperly admitted.  In particular, there has been no showing that the term "personal services" means the same thing with respect to the Policy and for purposes

---

2    The Court also notes that the Court suggested that the parties voluntarily agree to bifurcate the claims and have the Court determine Plaintiff's claim for residual disability. Defendant opposed bifurcating the residual disability claim.

of Plaintiff's tax returns. Moreover, Plaintiff is insured as an individual under the Policy, but the relevant tax returns were filed by A. David Matthew, M.D., P.A. There has been no explanation with respect to how the difference of legal entities affects Defendant's argument and no showing that Plaintiff, as an individual, has taken inconsistent positions with respect to "personal services" as used in the Policy.

Third, Defendant argues that it is entitled to judgment as a matter of law or, in the alternative, a new trial because the jury's residual disability award is contrary to the evidence and excessive. The Court disagrees. It cannot be said that there was not a legally sufficient evidentiary basis for the jury to makes its finding on residual disability. Further, the verdict on residual disability does not strongly conflict with the greater weight of the evidence so as to warrant a new trial.

Finally, Defendant asserts that a declaration of a mistrial is warranted based on post-trial information provided by a member of the jury. After trial, a juror contacted the Court expressing his thoughts and concerns with respect to the jury's calculations under the Policy. Defendant asserts that a mistrial is appropriate because the e-mail demonstrates that the verdict was unsupported by the evidence, excessive, speculative, punitive, and unjust.

Mistrials are appropriate when necessary to prevent a "plain miscarriage of justice." *Lange v. Schultz*, 627 F.2d 122, 127 (8th Cir. 1980). Rule 606 of the Federal Rules of Evidence governs the competency of jurors as witnesses. With respect to an inquiry into the validity of a verdict, Rule 606(b) provides that:

> a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict . . . or concerning the juror's mental processes in connection therewith. But a juror may testify about (1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form. A juror's affidavit or evidence of any statement by the juror may not be received on a matter about which the juror would be precluded from testifying.

Fed. R. Evid. 606(b).

Here, the juror's e-mail does not indicate that any outside or extraneous information or any outside influence was brought to the jury's attention or brought to bear on any juror. Nor does the juror's e-mail suggest that there was a mistake in entering the verdict onto the verdict form. Thus the juror's e-mail does not form an adequate basis to allow an inquiry into the validity of the verdict.

The Court concludes that both parties received a fair trial from a fair and impartial jury.

D.W.F.